IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| **BENNETT S. GODWIN,**<br><br>    **Plaintiffs,**<br><br>    v.<br><br>**SOUTHWEST RESEARCH INSTITUTE,**<br><br>    **Defendants.** | **ORDER**<br><br>Case No. 1:04CV69DAK<br><br>Judge Dale A. Kimball |

This matter is before the court on Defendant's Verified Memorandum of Costs and Bill of Costs Pursuant to 28 U.S.C. §§ 1920 and 1924. Plaintiff did not file an objection to Defendant's Bill of Costs. The court has considered the memorandum and other materials submitted by Defendant as well as the law and facts relevant to the motion. Now being fully advised, the Court enters the following Order.

Pursuant to 28 U.S.C. § 1920, Defendant seeks costs of $1,060.36 for depositions costs, and exemplification and copies of papers. Under local court rule, the party seeking taxation of costs must file a bill of costs, memorandum of costs and an affidavit verifying the bill of costs pursuant to 28 U.S.C. § 1924. *See* DUCivR 54-2(a). "The memorandum of costs must (i) clearly and concisely itemize and describe the costs; (ii) set forth the statutory basis for seeking reimbursement of these costs under 28 U.S.C. § 1920; and (iii) reference and include copies of applicable invoices, receipts, and disbursement instruments." *Id.* Any "[f]ailure to itemize and verify costs may result in their being disallowed." *Id.*

"Items proposed by winning parties as costs should always be given careful scrutiny." *Farmer v. Arabian American Oil Co.*, 379 U.S. 227, 235 (1964). "The discretion of the court in determining and awarding costs is contingent on the court's determination that the expenses requested are allowable cost items under the statute and that the amounts are reasonable and necessary." *Green Construction Co. v. Kansas Power & Light Co.*, 153 F.R.D. 670, 675 (D. Kan. 1994).

Defendant seeks $1,034.16 in deposition costs. Section 1920(2) provides for recovery of the "fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." 28 U.S.C. § 1920(2). "[W]hether a deposition 'is necessary for use in the case is not to be determined solely by whether the deposition was used at trial or in ruling on pending motions.'" *Echostar Satellite Corp. v. Advanced Communications Corp.*, 902 F. Supp. 213, 217 (D. Colo. 1995) (citations omitted). The costs of depositions taken for discovery and investigatory purposes are generally disallowed. *See id.*

Defendant has not demonstrated that Plaintiff's deposition was necessary to this court's ruling. The court's ruling on Plaintiff's discrimination claim was based on the statute of limitations employment and Defendant's legitimate, non-discriminatory reasons for Plaintiff's dismissal. And, the court's ruling on Plaintiff's ERISA claim was based on Plaintiff's failure to demonstrate that SWRI acted with any discriminatory intent. Plaintiff's deposition was not necessary for any of these rulings. Therefore, Defendant's request for deposition costs is denied.

Defendant seeks $26.20 in costs for exemplification and copies of papers. Section 1920(4) allows for the recovery of "fees for exemplification and copies of paper necessarily obtained for use in the case." 28 U.S.C. § 1920(4). "Section 1920(4) does not authorize taxation of every copy made, but only those necessarily obtained for use in the case." *Manildra*

*Mill Corp. v. Ogilivie Mills, Inc.*, 878 F. Supp. 1417, 1428 (D. Kan. 1995). Although Defendant's EEOC file appears to be a necessary expense, Defendant has made no attempt to explain what the copies from the Wells Fargo Remittance Center were necessary to the case. Because Defendant has failed to meet its burden in this regard, the court awards fees only for the $13.10 paid for the EEOC file.

For the foregoing reasons, Defendant's request for recovery of costs in this action is GRANTED in the amount of $13.10.

DATED this 12th day of April, 2006.

_____
DALE A. KIMBALL
United States District Judge